IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| ROBERT HARVEY III, | ) |
| Plaintiff, | ) ) 2:23-CV-00536-MJH ) |
| vs. | ) ) |
| TECHNIMARK HEALTHCARE, LLC, SCOTT IRVINE, | ) ) ) |
| Defendants, | |

### MEMORANDUM OPINION

Pro se Plaintiff, Robert Harvey III, sued Defendants, Technimark LLC, and Scott Irvine, on November 10, 2022. (ECF No. 1). On March 28, 2023, Mr. Harvey filed an Amended Complaint. (ECF No. 6). On September 19, 2023, Mr. Harvey filed s Second Amended Complaint against Defendants. (ECF No. 30). On October 3, 2023, Defendants filed Motions to Dismiss Mr. Harvey's Second Amended Complaint with accompanying briefs. (ECF Nos. 31-34). On March 8, 2024, the Court issued a Memorandum Opinion and Order granting Defendants' Motions to Dismiss. (ECF Nos. 40 & 41). On April 2, 2024, Mr. Harvey filed a Third Amended Complaint, alleging claims for trespass to chattels, breach of contract, and age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 44). On April 16, 2024, Defendants filed a joint Motion to Dismiss Mr. Harvey's Third Amended Complaint and accompanying brief. (ECF Nos. 45 & 46). On May 3, 2024, Mr. Harvey filed a Response to Defendants' Motion to Dismiss Mr. Harvey's Third Amended Complaint. (ECF No. 47). On May 9, 2024, Defendants filed a Reply. (ECF No. 48). On June 3, 2024, Mr. Harvey filed a Response in

1

Opposition. (ECF No. 49). On June 11, 2024, Defendants filed a Response in Opposition to Mr. Harvey's Response in Opposition. (ECF No. 52). The issues are fully briefed and ready for disposition. For the reasons below, Defendants' Motion to Dismiss Mr. Harvey's Third Amended Complaint will be granted in full.

I. **Statement of Facts**

The Court relies on the facts as stated in its March 8, 2024, Memorandum Opinion. (ECF No. 40). The following facts are the only new facts plead by Mr. Harvey in his Third Amended Complaint.

Mr. Harvey alleges that on October 1, 2021, when Technimark terminated his employment and he was escorted from Technimark's place of businesss, he left his tools behind and has since not been able to recover them. (ECF No. 47, at 2-5). Mr. Harvey further alleges that Technimark refused to provide him with an exit interview, causing him to lose his tools. (*Id.*). Mr. Harvey alleges that a Pennsylvania State Trooper identified as "Chad" is willing to confirm that Technimark is in possession of Mr. Harvey's tools. (*Id.*).

In addition to the facts pled by Mr. Harvey, related to Technimark's possession of his tools, Mr. Harvey alleges that he was owed an exit interview after his employment at Technimark was terminated. (ECF No. 47, at 2-5). In his Third Amended Complaint, it seems that Mr. Harvey is implying that the failure to be provided an exit interview constituted a breach of contract.

II. **Relevant Legal Standards**

A. **(12)(b)(6) Standard**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to

3

establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

### B. Leave to Amend

In a civil rights case, when the court grants a motion to dismiss for a failure to state a claim, the court must offer the plaintiff leave to amend, even if it was not requested by the plaintiff, "unless doing so would be inequitable or futile." *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### III.   Discussion

### A. Trespass to Chattels Claim

Mr. Harvey brings a claim against Technimark for trespass to chattels. (ECF No. 44, at 3-5). Technimark argues that Mr. Harvey's trespass to chattels claim is time-barred, and that Mr. Harvey fails to plead sufficient facts to establish such a claim. (ECF No. 46, at 3-4).

Trespass to chattels claims in Pennsylvania are limited to a two-year statute of limitations. *See* 42 Pa.C.S. § 5524. Mr. Harvey alleges that he was terminated from employment from Technimark on October 1, 2021. (ECF No. 47, at 2-5). Mr. Harvey alleges that the date of his

4

termination was the day in which Technimark took possession of his tools. (*Id.*). To be properly within the statute of limitations for a trespass to chattels claim against Technimark, Mr. Harvey would have had to bring such a claim by October 1, 2023. Mr. Harvey did not bring a trespass to chattels claim against Technimark until he filed his Third Amended Complaint on April 2, 2024. Thus, Mr. Harvey's trespass to chattels claim is barred by the applicable statute of limitations. Technimark's Motion to Dismiss Mr. Harvey's trespass to chattels claim will be granted. As further amendment would be futile, Mr. Harvey will not be granted leave to amend this claim.

### B. Breach of Contract Claims

Mr. Harvey brings a breach of contract claim against Technimark and Scott Irvine, alleging that the defendants failed to provide Mr. Harvey with agreed upon relocation fees and provide Mr. Harvey with an exit interview. (ECF No. 44, at 5-10).

To establish a breach of contract claim in Pennsylvania, a plaintiff must plead: "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). As to the first prong, to establish the existence of a contract, a plaintiff must show the three essential elements of contract formation – offer, acceptance, and consideration. *See Kowal v. Ferndale Area Sch. Dist.*, 2019 U.S. Dist. LEXIS 600, at *10 (W.D. Pa. 2019).

In Mr. Harvey's Third Amended Complaint, he fails to plead any additional facts related to his breach of contract claim that Technimark allegedly failed to pay him relocation fees. As such, as regards this claim, the Court relies on its reasoning from within its March 8, 2024, Memorandum Opinion. (ECF No. 40, at 10-15). As relates to Mr. Harvey's allegation that

Technimark's failure to provide an exit interview after his termination constitutes a breach of contract, Mr. Harvey does not plead any facts to establish that the August 25, 2021 offer letter entitled him to any exit interview. Further, Mr. Harvey does not identify any Technimark policy that requires an exit interview for individuals who are terminated. Thus, Mr. Harvey does not allege sufficient facts to establish any contractual obligation to require Technimark to provide Mr. Harvey with any exit interview. As such, Technimark's Motion to Dismiss Mr. Harvey's Third Amended Complaint breach of contract claims, will be dismissed. As this is Mr. Harvey's third unsuccessful attempt at establishing a breach of contract claim, further amendment would be futile. Mr. Harvey will not be granted leave to amend his breach of contract claim against Technimark.

As regards Mr. Harvey's breach of contract claim against Mr. Irvine, Mr. Harvey fails to plead any new facts to establish that Mr. Irvine had any sort of contractual relationship with Mr. Harvey. As such, the Court relies on its reasoning in its March 8, 2024 Memorandum Opinion, and said claim fails. (ECF No. 40, at 15-16). The Defendants' Motion to Dismiss as regards this claim, will be granted. As this is Mr. Harvey's third unsuccessful attempt at establishing a breach of contract claim, further amendment would be futile. Mr. Harvey will not be granted leave to amend his breach of contract claim against Mr. Irvine.

### C. Age Discrimination Claims

Mr. Harvey brings age discrimination claims against Technimark and Mr. Irvine under the ADEA and PHRA. (ECF No. 44, at 10-11). Defendants argue that Mr. Harvey fails to plead any facts sufficient to establish an age discrimination claim against them under the ADEA or PHRA. (ECF No. 45, at 10-11).

In Mr. Harvey's Third Amended Complaint, he fails to allege any additional facts related to his age discrimination claims brought against Technimark and Mr. Irvine. For the reasons stated in the Court's March 8, 2024 Memorandum Opinion, (ECF No. 40, at 6-10), Defendants' Motion to Dismiss Mr. Harvey's age discrimination claims against them under the ADEA and PHRA, within the Third Amended Complaint, will be granted. As this is Mr. Harvey's third unsuccessful attempt at establishing an age discrimination claim against Defendants under the ADEA and PHRA, further amendment would be futile. Mr. Harvey will not be granted leave to amend his age discrimination claims against Technimark and Mr. Irvine.

## IV.     Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted in full. All claims and counts within the Third Amended Complaint, will be dismissed. Mr. Harvey will not be granted leave to amend as to any of the claims and counts within the Third Amended Complaint. The clerk shall mark this case as closed.

DATE: 9/6/2024_

Marilyn J. Horan  
United States District Judge